**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 16, 2006**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EMIGDIO HERNANDEZ BUSTOS,

    Defendant-Appellant.

No. 05-3464

(D.C. No. 04-CR-40159-RDR)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Appellant pleaded guilty to one count of possession with intent to distribute 4.55 kilograms of a mixture containing methamphetamine, a violation of 21 U.S.C. § 841(a)(1). His conviction arose from a traffic stop on I-70 in Kansas

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

where packages of methamphetamine were found in a false compartment in the minivan he was driving.

Appellant argues that he is entitled to a four-level reduction for minimal role in the offense, under U.S.S.G. § 3B1.2. The district court refused to apply any reduction for a mitigating role at his sentencing hearing and memorialized this ruling in a Memorandum and Order. Memorandum and Order (D. Kan. Dec. 2, 2005).

"We review sentences imposed by the district court for reasonableness." *United States v. Galarza-Payan*, 441 F.3d 885, 887 (10th Cir. 2006). The trial court's determination of a defendant's role in the offense is treated as a factual finding and is therefore subject to review under the "clearly erroneous" standard. *United States v. Santistevan*, 39 F.3d 250, 253 (10th Cir. 1994) (quotation omitted). The district court's finding that Appellant "was actively involved in the transportation of the controlled substances" is supported by the evidence. Memorandum and Order, 3. He was not a mere courier, but rather someone who sought to obtain and transport the drugs across the country. To accomplish this, he purchased a van and stored the drugs in a false compartment. We agree that "[t]hese activities show far more involvement than merely driving the drugs to a location" and do not support a finding of minimal involvement. *Id*.

Appellant also argues that his sentence was not reasonable under 18 U.S.C. § 3553(a). Specifically, he argues that, because his co-defendant received a 48-

month sentence, Appellant's sentence of 100 months was unreasonable and disparate. First, the district court's sentence of Appellant was thirty-five months below the Guidelines range. Second, the district court acknowledged and carefully considered the disparity between the sentences of Appellant and his co-defendant: "[T]he court has considered the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct and the need to provide restitution to any victims of the offense." *Id*. at 5. We conclude that the district court's sentence of 100 months reflects consideration for disparity.

We have carefully reviewed the briefs of Appellant and Appellee, the district court's disposition, and the record on appeal, and for substantially the same reasons as the district court stated in its order of December 2, 2005, we **AFFIRM** Appellant's sentence. We also deny Appellant's renewed motion to produce the presentence report of his co-defendant for the reasons stated in the district court's order of January 18, 2006, which was written in response to Appellant's first motion for this request.

Entered for the Court

Monroe G. McKay
Circuit Judge